# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 3, 2024

| | |
|---|---|
| * * * * * * * * * * * * * | |
| MEGAN HITCHNER, | * |
| | * |
| Petitioner, | *   No. 21-1479V |
| | * |
| v. | *   Special Master Gowen |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
*Lara A. Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 13, 2023, Megan Hitchner, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 40). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$35,587.85.**

### I.     Procedural History

On June 16, 2021, Megan Hitchner ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("Flu") vaccine on October 7, 2019, she sustained brachial neuritis and/or brachial plexopathy. *Id*. On June 27, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on that same day. (ECF No. 34).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On December 13, 2023, petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $35,587.85, representing $30,926.60 in attorneys' fees and $4,661.25 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of his claim. *Id.* at 2. Respondent reacted to the fees motion on December 14, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 41). Petitioner filed her reply on December 18, 2023, requesting the Court award the fees and costs be awarded in full. (ECF No. 42).

The matter is now ripe for adjudication.

**II.   Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   **a.   Attorneys' Fees**

Petitioner requests the following rates of compensation for his attorneys: for Ms. Leah V. Durant ("LVD"), $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 for work performed in 2021, $441.00 for work performed in 2022, and $463.00 per hour for work performed in 2023; for Mr. Richard Armada ("RA"), $400.00 per hour for work performed in 2021; and for Mr. Christopher Williams ("CW"), $325.00 per hour for work performed in 2021, $341.00 per hour for work performed in 2021, and $358.00 per hour for work performed in 2023. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent did not respond to the fees motion, and thus has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $30,926.60.

   **b.   Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total

attorneys' costs in the amount of $4,661.25. This amount is comprised of acquiring medical records and review of those records by Mr. Timothy Hancock, postage, and the Court's filing fee. Fees App. Ex. 2. Petitioner has provided adequate documentation supporting all of her requested costs. Petitioner is therefore awarded the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $30,926.60 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$30,926.60** |
| | |
| Attorneys' Costs Requested | $4,661.25 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$4,661.25** |
| | |
| **Total Attorneys' Fees and Costs** | **$35,587.85** |

**Accordingly, I award the following: a lump sum in the amount of $35,587.85, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her counsel, Ms. Leah Durant.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).